UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

ABDELILAH ATLAS,

Plaintiff,

-against-

A LINE DELI INC., HUSSEIN M. ALKHULARI, SALEH AL KHOULAQI, and ALI DOE, an individual known to Plaintiff as "Ali" or "Alawi," whose full legal name is presently unknown,

Defendants.

**COMPLAINT AND JURY DEMAND**

Plaintiff Abdelilah Atlas ("Plaintiff"), by his attorneys, Sacco & Fillas, LLP, alleges as follows:

## 1. NATURE OF THE ACTION

1. Plaintiff brings this action to recover unpaid overtime and spread-of-hours compensation, statutory damages, and other relief arising from his employment at Defendants' deli in Far Rockaway, Queens, New York.

2. Plaintiff seeks relief under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 et seq., and the New York Labor Law ("NYLL").

## 2. JURISDICTION AND VENUE

3. This action arises under the FLSA.

4. This Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

5. This Court has supplemental jurisdiction over Plaintiff's related NYLL claims pursuant to 28 U.S.C. § 1367.

6. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because a substantial part of the events giving rise to Plaintiff's claims occurred in Queens County, New York.

7. Plaintiff performed the employment at issue at approximately 21-15 Mott Avenue, Far Rockaway, New York 11691, within the Eastern District of New York.

## 3. PARTIES

8. Plaintiff Abdelilah Atlas is an individual who worked for Defendants in Queens County, New York.

9. Defendant A LINE DELI INC. ("A Line Deli") is an active New York domestic business corporation, DOS ID 3870859, with an address at 21-15 Mott Avenue, Far Rockaway, New York 11691.

10. A Line Deli was Plaintiff's corporate employer and operated the deli at which Plaintiff performed his work.

11. Defendant **SALEH AL KHOULAQI** is an individual whom Plaintiff knew by that name during his employment.

12. Saleh hired Plaintiff.

13. Saleh exercised authority over Plaintiff's work schedule, including determining when Plaintiff was required to report to and leave work.

14. Saleh directed Plaintiff's work and exercised authority concerning Plaintiff's compensation and method of payment.

15. Saleh personally provided Plaintiff with his weekly cash wages.

16. Defendant **ALI DOE** is an individual whom Plaintiff knew as "Ali" or "Alawi," but whose full legal name is presently unknown.

17. Ali Doe directed Plaintiff's work and exercised authority over Plaintiff's schedule, working hours, and compensation.

18. Plaintiff will seek to substitute Ali Doe's true legal name when it is ascertained.

19. Official records of the New York Department of State identify Defendant **HUSSEIN M. ALKHULARI** as the Chief Executive Officer of A Line Deli.

20. Upon information and belief, during the relevant period, Alkhulari, as Chief Executive Officer of A Line Deli, possessed and/or exercised operational authority over the corporation, including authority concerning its personnel, payroll, compensation, and employment practices.

21. Upon information and belief, Alkhulari had authority to cause A Line Deli to comply with its wage-and-hour obligations.

22. The precise allocation of management, personnel, payroll, compensation, and operational responsibilities among the Individual Defendants is information principally within Defendants' possession.

23. Based on the foregoing, Plaintiff alleges that Saleh and Ali Doe, and upon information and belief Alkhulari, each possessed or exercised sufficient operational control over Plaintiff's employment to constitute an employer within the meaning of the FLSA and/or NYLL.

24. The Defendants who qualify as Plaintiff's employers are jointly and severally liable to Plaintiff to the extent permitted by law.

**4. <u>FLSA COVERAGE</u>**

25. A Line Deli operated a commercial deli that prepared and sold sandwiches and other food to customers.

26. Based upon Plaintiff's observations of the Deli's daily business volume, Plaintiff alleges upon information and belief that A Line Deli's annual gross volume of sales made or business done was not less than $500,000 during the relevant period.

27. Plaintiff's work included preparing food, stocking products in the Deli's refrigerators, and making orders for the Deli.

28. Upon information and belief, Defendants' employees handled, sold, or otherwise worked on food, beverages, ingredients, packaging, supplies, equipment, and other goods or materials that had moved in or been produced for interstate commerce.

29. At all relevant times, A Line Deli was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA.

## 5. FACTUAL ALLEGATIONS

30. Plaintiff began working for Defendants in or about October 2024.

31. Plaintiff worked as a deli worker.

32. Plaintiff generally worked approximately six days per week. Plaintiff typically began work at approximately 4:00 a.m. and worked until approximately 2:00 p.m. On some workdays, Plaintiff remained until approximately 2:15 p.m. or otherwise worked beyond approximately 2:00 p.m.

33. Even assuming Plaintiff received a thirty-minute break and such time was entirely non-working time, Plaintiff's typical schedule amounted to approximately fifty-seven hours of work in a workweek.

34. During an initial portion of his employment, Plaintiff generally received approximately $1,100 per week.

35. During a later portion of his employment, Plaintiff generally received approximately $1,200 per week.

36. Plaintiff was paid weekly in cash.

37. Plaintiff's weekly compensation generally remained fixed notwithstanding the number of hours he worked above forty in a workweek.

38. Plaintiff did not receive additional compensation because his weekly hours exceeded forty.

39. On workdays when Plaintiff began at approximately 4:00 a.m. and remained working after approximately 2:00 p.m., the interval between the beginning and end of his workday exceeded ten hours, and Plaintiff was not paid additional spread-of-hours compensation.

40. Defendants did not pay Plaintiff a separate overtime premium for his hours worked over forty in a workweek.

41. Plaintiff's final day of work was October 9, 2025.

42. Defendants did not provide Plaintiff, at the time of hire or thereafter, with a written wage notice accurately identifying his rate or rates of pay, the basis of his compensation, his regular hourly rate, his overtime rate, or the other information required by New York Labor Law § 195(1).

43. Defendants also failed to furnish Plaintiff with wage statements with his weekly cash payments identifying, among other things, the dates covered by the payment, his regular and overtime rates, his regular and overtime hours, gross wages, and deductions.

44. Plaintiff was paid a fixed weekly cash amount while regularly working substantially more than forty hours per week. Because Defendants did not provide him with the required wage notice or wage statements, Plaintiff lacked written information from which he could compare the hours he worked with the rates and wages Defendants were paying him and determine whether he was receiving the overtime compensation to which he was entitled.

45. The absence of those required notices and statements prevented Plaintiff from timely determining the existence and extent of Defendants' underpayment of his wages and from accurately calculating the additional wages due to him.

46. Had Plaintiff been provided accurate wage notices and wage statements identifying his regular rate, overtime rate, hours worked, and wages paid, Plaintiff would have been able to identify and quantify the discrepancy between his hours and compensation and seek payment of the wages due to him earlier.

47. As a result of Defendants' failure to provide the required wage information, Plaintiff did not timely identify and challenge the underpayment and remained deprived of wages owed to him for a longer period than he otherwise would have been.

## 6. CAUSES OF ACTION

### 6.1. FLSA — UNPAID OVERTIME - 29 U.S.C. §§ 207(a)(1), 216(b)

48. Plaintiff repeats and realleges the foregoing paragraphs as if fully set forth herein.

49. Plaintiff regularly worked more than forty hours during workweeks in which he was employed by Defendants.

50. Defendants knew or should have known that Plaintiff worked those hours.

51. Defendants paid Plaintiff a fixed weekly amount without paying the overtime premium required for hours worked in excess of forty in a workweek.

52. Defendants thereby failed to pay Plaintiff overtime compensation required by the FLSA.

53. Plaintiff is entitled to recover his unpaid overtime compensation, liquidated damages to the extent permitted by law, attorneys' fees, costs, and other relief authorized by the FLSA.

### 6.2. NYLL — UNPAID OVERTIME - NYLL §§ 650 et seq.; 12 NYCRR §§ 146-1.4, 146-3.5

54. Plaintiff repeats and realleges the foregoing paragraphs as if fully set forth herein.

55. Plaintiff performed deli and food-preparation work in Defendants' food-service establishment.

56. Plaintiff regularly worked more than forty hours during a workweek.

57. Defendants paid Plaintiff a fixed weekly amount without paying the overtime compensation required for his hours worked in excess of forty.

58. Defendants thereby failed to pay Plaintiff overtime compensation required by the NYLL and applicable New York wage regulations.

59. Plaintiff is entitled to recover his unpaid overtime compensation, liquidated damages, prejudgment interest, attorneys' fees, costs, and other relief authorized by New York law.

### 6.3. NYLL — SPREAD OF HOURS — 12 NYCRR § 146-1.6

60. Plaintiff repeats and realleges the foregoing paragraphs as if fully set forth herein.

61. On qualifying workdays when Plaintiff began work at approximately 4:00 a.m. and remained working after approximately 2:00 p.m., the spread between the beginning and end of his workday exceeded ten hours.

62. Defendants did not pay Plaintiff the additional spread-of-hours compensation required for those workdays.

63. Plaintiff is entitled to recover his unpaid spread-of-hours compensation and other relief authorized by New York law.

### 6.4. FAILURE TO PROVIDE WAGE NOTICE NYLL §§ 195(1)(a) and 198(1-b)

64. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

65. New York Labor Law § 195(1)(a) required Defendants to provide Plaintiff, at the time of hiring, with a written notice containing, among other things, his rate or rates of pay and the basis thereof, his regular and overtime rates of pay where applicable, his regular payday, and the identity and address of his employer.

66. Defendants failed to provide Plaintiff with the wage notice required by NYLL § 195(1)(a).

67. Defendants' failure to provide the required wage notice deprived Plaintiff of the written information necessary to understand and compare the basis and rates of his compensation with the hours he actually worked and the wages he actually received.

68. As a result, Plaintiff was unable to timely identify the existence and extent of the overtime underpayment alleged herein and did not seek payment of those wages as early as he otherwise would have.

69. Plaintiff consequently remained deprived of wages owed to him for a longer period as a direct result of Defendants' failure to provide the required wage notice.

70. Plaintiff is entitled to statutory damages, reasonable attorneys' fees and costs, and such other relief as authorized by NYLL § 198(1-b).

### 6.5. FAILURE TO PROVIDE WAGE STATEMENTS NYLL §§ 195(3) and 198(1-d)

71. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

72. New York Labor Law § 195(3) required Defendants to furnish Plaintiff with a wage statement with each payment of wages containing, among other information, the dates of work covered by the payment, Plaintiff's rate or rates of pay, the basis of his pay, his regular and overtime hours and rates where applicable, gross wages, deductions, and net wages.

73. Plaintiff was generally paid weekly in cash, and Defendants did not furnish him with the wage statements required by NYLL § 195(3).

74. Because Plaintiff did not receive wage statements identifying the hours for which he was being paid, his regular rate, his overtime rate, and his wages attributable to regular and overtime hours, Plaintiff was unable to compare the hours he worked against the wages Defendants paid him and timely determine the amount by which he was being underpaid.

75. Defendants' failure to furnish accurate wage statements thereby hindered Plaintiff from discovering the existence and extent of the wage violations and from timely demanding and obtaining the overtime compensation owed to him.

76. Had accurate wage statements been provided with Plaintiff's weekly payments, Plaintiff would have identified the discrepancy between his hours worked and wages paid and sought the unpaid compensation earlier.

77. Plaintiff therefore remained deprived of wages owed to him for longer than he otherwise would have as a direct result of Defendants' failure to furnish the required wage statements.

78. Plaintiff is entitled to statutory damages, reasonable attorneys' fees and costs, and such other relief as authorized by NYLL § 198(1-d).

## 7. PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests judgment against Defendants, jointly and severally to the extent permitted by law, awarding:

A. unpaid overtime compensation under the FLSA and NYLL;

B. unpaid spread-of-hours compensation under the NYLL;

C. statutory damages under NYLL §§ 198(1-b) and 198(1-d), to the extent Plaintiff establishes entitlement thereto;

D. liquidated damages under the FLSA and/or NYLL to the maximum extent permitted by law, without duplicative recovery;

E. prejudgment interest on recoverable NYLL damages to the extent permitted by law;

F. reasonable attorneys' fees and costs;

G. post-judgment interest; and

H. such other and further relief as the Court deems just and proper.

## 8. JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Dated: October 7, 2026
Astoria, New York

Respectfully submitted,

By: *_/s/ Clifford Tucker_*
Clifford Tucker, Esq.
Sacco & Fillas LLP
31-19 Newtown Ave., 7th Floor
Astoria, New York 11102
718-269-2243
CTucker@SaccoFillas.com

**CONSENT TO JOIN ACTION**

**REQUEST TO BECOME A PARTY-PLAINTIFF**

I hereby consent to be a party plaintiff in an action to recover unpaid wages, including but not limited to minimum wages, overtime, spread of hours, gratuities, statutory and liquidated damages, attorney's fees, costs, interest, and other sums owing to me and other similarly situated employees under each and every federal and state wage and hour law, rule and regulation which may include but is not limited to the federal Fair Labor Standards Act, New York Labor Law, New Jersey Wage and Hour Law, and any other applicable law, rule, regulation, and wage order. If I am not a named Plaintiff(s), I authorized the named Plaintiffs to make all decisions involving this litigation and settle this action on behalf. I hereby authorize Sacco & Fillas LLP to pursue any claims I may have, including such litigation as may be necessary, and I hereby consent, agree, and option to become a plaintiff herein and to be bound by any settlement of this action or adjudication by the Court.

Name: **Abdelilah Atlas**

Legal Representative:
Sacco & Fillas LLP
3119 Newtown Ave, Seventh Floor
Astoria, NY 11102

Signature: Musa More (Jan 9, 2026 15:00:06 EST) Date: **1/06/2026**